PETER LARSON *v.* MATILDE LARSON
(AC 25211)

Lavery, C. J., and Schaller and Dranginis, Js.

58

Argued February 8—officially released May 17, 2005

*Peter Larson*, pro se, the appellant (plaintiff).

*Brenden P. Leydon*, for the appellee (defendant).

*Opinion*

DRANGINIS, J. The plaintiff, Peter Larson, appeals from the judgment of the trial court awarding the defendant, Matilde Larson, $2500 in attorney's fees to defend the appeal the plaintiff previously filed after the court rendered judgment dissolving the parties' marriage.[1] On appeal, the plaintiff claims that the court improperly (1) ordered him to pay attorney's fees because the claim for attorney's fees was discharged as part of his bankruptcy estate, (2) awarded attorney's fees on the basis of a motion that was stale under Practice Book § 24-34 (c) and (3) abused its discretion in awarding the defendant attorney's fees to defend the appeal from the judgment of dissolution. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. The parties were married on June 19, 1982. Two children were born of the marriage. In December, 2001, the plaintiff initiated the action seeking dissolution of the parties' marriage. The parties' marriage was dissolved on January 31, 2003. As part of the dissolution, the court awarded the defendant the main asset of the marriage, the marital home. The court indicated that one of its considerations in making that award was the plaintiff's greater earning capacity and ability to acquire future assets. The court also ordered the plaintiff to pay the defendant periodic alimony in the amount of $500 per week. The plaintiff filed an appeal from the judgment of dissolution in June, 2003, and, in July, 2003, the defendant filed a motion for attorney's fees to defend the appeal. The motion was not acted on prior to August, 2003, when the plaintiff filed a petition in the United

---

[1] This court summarily affirmed the trial court's judgment that was the subject of that appeal. *Larson* v. *Larson*, 87 Conn. App. 905, 867 A.2d 157 (2005).

States Bankruptcy Court for the District of Connecticut. The plaintiff received a discharge in the Bankruptcy Court on November 12, 2003, and the Superior Court held a hearing on the defendant's motion for attorney's fees on February 17, 2004. The court awarded the defendant attorney's fees, pursuant to General Statutes § 46b-62, in the amount of $2500, with the plaintiff to receive a credit of $500 if he provided the defendant with a transcript of the proceedings in the dissolution action. This appeal followed.

## I

The plaintiff claims that the court improperly ordered him to pay the attorney's fees it awarded the defendant. Specifically, he claims that any obligation arising from the defendant's motion for attorney's fees was discharged by the Bankruptcy Court, and that the defendant and her attorneys should have sought relief from the Bankruptcy Court had they wanted to avoid discharge of that debt. For the plaintiff to prevail on his claim, the debt of attorney's fees had to exist prior to his discharge in bankruptcy, and the fees had to fall within a class of debts that are not exempted from discharge.

Prior to addressing the plaintiff's specific claims, we recognize that our state courts are competent to resolve the issue of whether the plaintiff's discharge from bankruptcy released him from any obligation to pay attorney's fees subsequently awarded to the defendant to defend the appeal from the parties' marital dissolution. "State courts of general jurisdiction have the power to decide cases involving federal . . . rights where . . . neither the Constitution nor statute withdraws such jurisdiction. . . . In this instance, jurisdiction has not been withdrawn from state courts. . . . Section 523 (c) of the [Bankruptcy] Code [which is contained in title 11 of the United States Code] provides for a limited

exception to this concurrent jurisdiction for questions of dischargeability concerning § 523 (a) (2) (fraud or a false financial statement), § 523 (a) (4) (fraud by a fiduciary, embezzlement or larceny) and § 523 (a) (6) (willful and malicious injury). Therefore, all dischargeability issues other than those concerning § 523 (a) (2), (4) and (6) may be determined by a nonbankruptcy court."[2] (Citations omitted; internal quotation marks omitted.) *Lewis* v. *Lewis*, 35 Conn. App. 622, 625–26, 646 A.2d 273 (1994). Because we conclude that the debt of attorney's fees falls squarely within the confines of § 523 (a) (5) and not any of the excepted sections, our state courts are competent to entertain the question of whether the fees are dischargeable.

The plaintiff claims that because the motion for attorney's fees was filed prior to the date on which he filed for bankruptcy protection, any award of attorney's fees resulting from that motion was a contingent liability that was discharged in bankruptcy. The defendant argues that because no court had ordered the plaintiff to pay attorney's fees prior to his discharge in bankruptcy, the award of attorney's fees was a purely postpetition debt that could not have been discharged in bankruptcy. Although we agree with the plaintiff that by virtue of the pending motion, the attorney's fees were a contingent and disputed liability that existed prepetition, we disagree that the fees constituted a debt eligible to be discharged in the bankruptcy proceedings.

Section 101 (5) (A) of the Bankruptcy Code defines a claim as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . . ."

[2] Subsequent to the *Lewis* case, Congress has amended § 523 (c) of the Bankruptcy Code to include in the list of exceptions to concurrent jurisdiction debts owed to a spouse, former spouse, or child of a debtor that are not excepted from discharge under § 523 (a) (5).

11 U.S.C. § 101 (5) (A). "The legislative history to [11 U.S.C.] § 101 (4) [now § 101 (5)][3] demonstrates that the term 'claim' is intended by this definition to be as broadly interpreted as possible so that maximum relief can be afforded to a debtor: 'The effect of the definition [of claim] is a significant departure from present law [i.e., the Bankruptcy Act of 1978]. . . . The definition . . . . adopts an even broader definition of claims than is found in the present debtor rehabilitation chapters [i.e., Chapters X, XI, and XII]. The definition is any right to payment, whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured. The definition also includes as a claim an equitable right to performance that does not give rise to a right to payment. By this broadest possible definition . . . [the Bankruptcy Code] contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case. It permits the broadest possible relief in the bankruptcy court.' H.R. Rep. No. 595, 95th Cong., 1st Sess. 309, reprinted in 1977 U.S. Code Cong. & Admin. News 5963, 6266; see also, S. Rep. No. 989, 95th Cong., 2d Sess. 21–22, reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5807–08." *In re Chateaugay Corp.*, 102 B.R. 335, 350 (Bankr. S.D.N.Y. 1989).

"A contingent claim is one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor. *Fostvedt* v. *Dow* (*In re Fostvedt*), 823 F.2d 305, 306 (9th Cir. 1987), *see also In re Dill*, 30 B.R. 546, 548 (B.A.P. 9th Cir. 1983), aff'd, 731 F.2d 629 (9th Cir. 1984) (defining

---

[3] In 1990, Congress amended § 101 of the Bankruptcy Act. Currently, 11 U.S.C. § 101 (5) defines "claim." Prior to the amendment and since the Bankruptcy Act of 1978 was enacted, the definition of "claim" was contained in 11 U.S.C. § 101 (4).

contingent claim as a claim that has not accrued and which is dependent upon a future event). Any doubts regarding the dischargeability of a claim should be resolved in favor of finding that a contingent claim existed. [*In re THC Financial Corp.*, 686 F.2d 799, 802 (9th Cir. 1982)]." (Internal quotation marks omitted.) *Siegel* v. *Federal Home Loan Mortgage Corp.*, 143 F.3d 525, 532 (9th Cir. 1998). A disputed claim is one over which there exists a "dispute over either the underlying liability or the amount of [the] debt . . . ." *In re Jordan*, 166 B.R. 201, 202 (Bankr. D. Me. 1994).

In the present case, the claim for attorney's fees was both contingent and disputed at the time of filing. The claim was disputed because, as indicated by the very fact of this appeal, the plaintiff contests that absent the bankruptcy proceedings, he should have any obligation to pay attorney's fees to enable the defendant to defend the appeal from the judgment of dissolution. The claim was contingent because any obligation to pay would not be triggered until the time a court ordered the plaintiff to pay the defendant attorney's fees, an event that occurred postpetition. Because the claim falls squarely within the parameters of § 101 (5) of the Bankruptcy Code, we must consider next whether the plaintiff's discharge in bankruptcy discharged any obligation he would incur to pay the defendant attorney's fees.

The plaintiff essentially claims that because the defendant did not raise an objection to his claim for attorney's fees being discharged in the Bankruptcy Court, she cannot raise such a claim now in the state court. The defendant argues, however, that any claim for attorney's fees to defend the appeal would have been in the nature of support and, as such, those fees are not dischargeable. We agree with the defendant.

"Unlike dischargeability questions based on § 523 (a) (2), (4) & (6), where debts are automatically discharged

unless the creditor asks the bankruptcy court to make a determination of non-dischargeability, a debtor's obligation to a former spouse or child is either discharged or not, pursuant to § 523 (a) (5), based upon the nature of that obligation *regardless of whether or not the bankruptcy court has been asked to pass upon the issue.* See 11 U.S.C. § 523 (c). The question of dischargeability is, thus, preserved and, should there be any dispute, may be determined by the state courts in connection with proceedings to enforce the obligation. . . . *In re Balvich,* [135 B.R. 327, 330 (Bankr. N.D. Ind.), aff'd, 135 B.R. 323 (N.D. Ind. 1991)]; see also *In re Aurre,* [60 B.R. 621, 624 (Bankr. S.D.N.Y. 1986)] (no action by bankruptcy court required to trigger § 523 (a) (5) exception). Thus, even though the debtor was discharged without a prior determination of the dischargeability of the debt to his former spouse, the question was preserved for adjudication . . . ." (Emphasis in original; internal quotation marks omitted.) *Lewis* v. *Lewis,* supra, 35 Conn. App. 626–27.[4]

As a general matter, "exceptions to discharge . . . are narrowly construed." *In re Renshaw,* 222 F.3d 82, 86 (2d Cir. 2000). This, however, is not the case with claims purporting to fall under the exception for spousal or child support embodied in § 523 (a) (5) of the Bank-

---

[4] We also note that had the defendant filed proof of her claim for attorney's fees under § 501 of the Bankruptcy Code, it is likely that the claim would have been disallowed on a finding that the debt was in the nature of support. Section 502 (b) (5) provides that claims for an unmatured debt excepted from discharge under § 523 (a) (5) are disallowed. Section 502 (b) (5) "makes clear that the [ex-spouse] must rely upon the nondischargeable nature of the obligation and look to the debtor's postpetition property to satisfy her claim for support payments maturing after the commencement of the bankruptcy." *In re Shumate,* 42 B.R. 462, 467 (Bankr. D. Tenn. 1984). Because any debt owed to the defendant on her claim for attorney's fees was not due prior to the date the plaintiff filed his petition for bankruptcy, the debt was unmatured and, as such, a claim for it would have been disallowed under § 502 (b) (5) on a finding that the fees were in the nature of support and excepted from discharge under § 523 (a) (5).

ruptcy Code. "Courts have held . . . that when due regard is given for the other policy priorities with which Congress was concerned in drafting the Bankruptcy Code, there is ample justification for construing certain statutory terms broadly, albeit within the confines of the narrow-construction rule. [The United States Court of Appeals for the Second Circuit has] clearly stated that among the concepts to be given broad interpretation is the meaning of 'in the nature of support.' *See* [*In re Spong*, 661 F.2d 6, 9 (2d Cir. 1981)]; [*In re Peters*, 133 B.R. 291, 295 (S.D.N.Y. 1991), aff'd, 964 F.2d 166 (2d Cir. 1992)] ('The "nature of support" is a broadly construed term in bankruptcy law.'); *see also In re Kline*, 65 F.3d 749, 750–51 (8th Cir. 1995) (explaining that '[a]lthough statutory exceptions to discharge normally are subject to narrow [construction] . . . exceptions from discharge for spousal and child support deserve a more liberal construction' . . .)." *In re Maddigan*, 312 F.3d 589, 596 (2d Cir. 2002).

With these principles in mind, we evaluate the decision of the trial court to award the defendant attorney's fees. The record is silent as to the court's express characterization of the fees as support, and the plaintiff did not request an articulation from the court regarding this decision. "[W]e read an ambiguous record, in the absence of a motion for articulation, to support rather than to undermine the judgment." (Citations omitted.) *Water Street Associates Ltd. Partnership* v. *Innopak Plastics Corp.*, 230 Conn. 764, 773, 646 A.2d 790 (1994). Because the plaintiff filed no such motion, we must assume the court acted properly. We assume, therefore, that the court considered the award of attorney's fees to be a § 523 (a) (5) nondischargeable support obligation, and we will reverse that decision only if it is clearly erroneous. See *Lewis* v. *Lewis*, supra, 35 Conn. App. 631.

In order for the debt of attorney's fees to be nondischargeable under § 523 (a) (5), "three statutory requirements must be met. First, the debt must be 'to a spouse, former spouse, or child of the debtor.' 11 U.S.C. § 523 (a) (5). Second, the debt must be 'actually in the nature of' (as opposed to simply designated as) alimony, maintenance, or support. [11 U.S.C.] § 523 (a) (5) (B). Third, the debt must have been incurred 'in connection with a separation agreement, divorce decree or other order of a court of record.' [11 U.S.C.] § 523 (a) (5)." *In re Maddigan*, supra, 312 F.3d 593. We will address each requirement in turn.

The court's order awarding attorney's fees to the defendant does not name the direct recipient of the fees, making it unclear whether the fees are payable to the defendant or to her attorneys. Regardless of whether the debt of attorney's fees is payable to the defendant or directly to her attorneys, the debt still can be characterized as owed to the "former spouse . . . of the debtor . . . ." 11 U.S.C. § 523 (a) (5). Clearly, it is the defendant who benefits from the payment of attorney's fees, for the amount paid under the plaintiff's obligation fails to become part of the defendant's burden. As the Second Circuit has indicated, to hold that the payment of attorney's fees is not owed to the former spouse would be to exalt form over substance, which is at odds with the principle in bankruptcy law that it is the substance of the liability that determines whether it can be discharged.[5] *In re Spong*, supra, 661 F.2d 9, 11. We conclude, therefore, that the debt meets the first

---

[5] Connecticut also recognizes that attorney's fees are a debt owed to the former spouse and are in the nature of support. Our statute authorizing an award of attorney's fees refers explicitly to the statute authorizing an award of alimony. See General Statutes § 46b-62; see also *In re Birdseye*, 548 F.2d 321, 324–25 (10th Cir. 1977) (relying on our Supreme Court's decision in *Krasnow* v. *Krasnow*, 140 Conn. 254, 99 A.2d 104 (1953), in concluding that under Connecticut law, attorney's fees awarded incident to dissolution action are in nature of support).

requirement of § 523 (a) (5) because it is owed to the debtor's former spouse.

The second requirement is that the debt be "actually in the nature of . . . support . . . ." 11 U.S.C. § 523 (a) (5) (B). In determining whether an award of attorney's fees to defend an appeal from a judgment of dissolution can be considered "in the nature of support," we do not write on a clean page. We are guided, in the first instance, by the Second Circuit, which has stated: "An award of attorney's fees may be essential to a spouse's ability to sue or defend a matrimonial action and thus a necessary under the law. Accordingly, most States treat counsel fees as being within the definition of alimony, maintenance, and support." *In re Spong,* supra, 661 F.2d 9. This conclusion was shared by a number of other circuit courts of appeal. See *In re Chang,* 163 F.3d 1138 (9th Cir. 1998), cert. denied sub nom. *Chang* v. *Beaupied,* 526 U.S. 1149, 119 S. Ct. 2029, 143 L. Ed. 2d 1039 (1999); *In re Kline,* supra, 65 F.3d 749; *In re Miller,* 55 F.3d 1487 (10th Cir.), cert. denied sub nom. *Miller* v. *Gentry,* 516 U.S. 916, 116 S. Ct. 305, 133 L. Ed. 2d 210 (1995); *In re Dvorak,* 986 F.2d 940 (5th Cir. 1993); *In re Silansky,* 897 F.2d 743 (4th Cir. 1990); *In re Harrell,* 754 F.2d 902 (11th Cir. 1985). Although we recognize that this doctrine generally applies to attorney's fees awarded as part of a divorce decree, we see no reason why the same reasoning should not apply as well to attorney's fees awarded to a defendant for an appeal from that decree.

The plaintiff argues, however, that because the original decree specified that each party was responsible for his or her own attorney's fees, an award of fees to defend the appeal could not be considered to be "in the nature of support." The main asset of the parties, the marital home, was awarded to the defendant in the dissolution, primarily to enable her to continue raising the children in that home. In awarding the defendant

attorney's fees to defend the plaintiff's appeal from that dissolution, the court explained that this property award would be undermined severely if no award were made. That reasoning reflected representations made by the defendant that she would be forced either to increase, dangerously, her liability on the home or to sell the home in order to finance her defense of the plaintiff's appeal. It cannot be disputed that part of "support" is ensuring that both the debtor's former spouse and his children have a home in which to live. The court's award of attorney's fees sought to protect that home and, therefore, the court was not clearly erroneous in considering the award to be "in the nature of support."

The third requirement of § 523 (a) (5) is that the debt be incurred "in connection with a separation agreement, divorce decree or other order of a court of record . . . ." Id. It is axiomatic that an award of legal fees in connection with an appeal from a dissolution of marriage is in connection with the divorce decree. This element of the statutory requirement clearly is met.

Accordingly, we conclude that the award of attorney's fees was exempted from the plaintiff's discharge in bankruptcy under § 523 (a) (5) of the Bankruptcy Code because it was in the nature of support.

II

The plaintiff next claims that the court improperly awarded attorney's fees pursuant to a motion that was stale under Practice Book § 25-34 (c). That subsection provides in relevant part: "Unless for good cause shown, no motion may be reclaimed after a period of three months from the date of filing. . . ." Practice Book § 25-34 (c). The plaintiff argues that the defendant's motion for attorney's fees clearly was stale under that subsection, as it was filed in July, 2003, but not heard until February, 2004, seven months later. The plaintiff

raised that claim in the trial court, but the court determined that his bankruptcy case provided the "good cause" that excepted the defendant's motion from the operation of the three month time limit.

Whether a party has shown good cause in not pursuing a motion within the three month limitation is a question of fact for the trial court. "[W]here the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980). "When employing this standard of review, this court cannot retry the facts or pass upon the credibility of the witnesses." (Internal quotation marks omitted.) *Gallo-Mure* v. *Tomchik*, 78 Conn. App. 699, 713, 829 A.2d 8 (2003).

Here, the defendant's attorney claimed that he had not pursued the motion while the plaintiff's bankruptcy action was pending in response to the plaintiff's threat that he would be subject to sanctions in the Bankruptcy Court if he attempted to pursue the motion. The court, therefore, determined that the three month time limitation would not begin to run until the date of the plaintiff's discharge in bankruptcy. The pursuit of the defendant's motion fell within that time period, and the court therefore concluded that the motion was not stale. We conclude that the court's finding that good cause existed as to why the motion was not pursued, based on the representations of both the plaintiff[6] and the defendant's attorneys, was not clearly erroneous.

III

The plaintiff also claims that the court abused its discretion in awarding the defendant attorney's fees for

---

[6] The plaintiff proceeded pro se at the hearing on the defendant's motion.

the purpose of defending the plaintiff's appeal from the judgment of dissolution. We disagree.

"Courts ordinarily award counsel fees in divorce cases so that a party . . . may not be deprived of [his or] her rights because of lack of funds. . . . Where, because of other orders, both parties are financially able to pay their own counsel fees they should be permitted to do so. . . . *Koizim* v. *Koizim*, 181 Conn. 492, 501, 435 A.2d 1030 (1980). An exception to the rule announced in *Koizim* is that an award of attorney's fees is justified even where both parties are financially able to pay their own fees if the failure to make an award would undermine its prior financial orders . . . . Whether to allow counsel fees [under General Statutes §§ 46b-62 and 46b-82], and if so in what amount, calls for the exercise of judicial discretion. . . . An abuse of discretion in granting counsel fees will be found only if [an appellate court] determines that the trial court could not reasonably have concluded as it did." (Internal quotation marks omitted.) *Kunajukr* v. *Kunajukr*, 83 Conn. App. 478, 488–89, 850 A.2d 227, cert. denied, 271 Conn. 903, 859 A.2d 562 (2004).

As previously discussed, the court considered the financial situations of both parties and concluded that the division of assets the court made in dissolving the parties' marriage would be undermined severely if it did not award attorney's fees to the defendant. Our review of the record leads us to conclude that the court did not abuse its discretion when it determined that the defendant did not have sufficient assets, aside from the marital home awarded to her in the dissolution action, to defend the plaintiff's appeal without any contribution by him and ordered that he pay $2500 toward her attorney's fees.

The judgment is affirmed.

In this opinion the other judges concurred.