## SUSAN ALEY *v.* WILLIAM ALEY
### (AC 26825)

Flynn, C. J., and DiPentima and Mihalakos, Js.

Argued May 2—officially released October 10, 2006

*John F. Morris,* for the appellant (defendant).

*Howard M. Gould,* with whom, on the brief, was *Patricia J. Gillin,* for the appellee (plaintiff).

FLYNN, C. J. The defendant, William Aley, appeals from the judgment dissolving his marriage to the plaintiff, Susan Aley. He claims that the trial court (1) improperly proceeded to judgment in his absence, without adequate notice to him or an opportunity to be heard, (2) lacked jurisdiction to order a certain home equity payment obligation to be characterized as spousal support and nondischargeable in bankruptcy and that the home equity order lacked clarity, and (3) improperly entered certain financial orders without evidentiary support.[1] We are not persuaded by the defendant's claim concerning lack of notice or his challenge to jurisdiction. However, pursuant to Practice Book § 60-5, we deem it necessary for the proper disposition of this case to remand it for a further articulation of certain bases of the court's factual findings. We defer deciding the remaining claims until receipt of further articulation.

The parties were married in July, 1996, and there was one minor child issue of the marriage, who was six years old at the date of dissolution. In November, 2004, the plaintiff commenced her action seeking dissolution of the marriage. The court held a hearing on July 28, 2005, at which the pro se defendant was not present. The plaintiff testified that the defendant was vacationing in Romania and had indicated that he would not be present for the divorce proceeding. Ruling orally, the court stated that it was adopting paragraphs one through twelve, inclusive, of the plaintiff's claims for relief, making them the orders of the court and incorporating them by reference into the judgment.[2] The court, as requested

---

[1] The defendant withdrew his challenge to the court's postjudgment award of attorney's fees.

[2] The court further ordered, with respect to the marital residence, that the defendant pay or make satisfactory arrangements with the utility companies within twenty days of the date of judgment.

in paragraphs one and two of the plaintiff's claims for relief, dissolved the parties' marriage and awarded the parties joint custody of the minor child, with physical residence with the plaintiff and reasonable rights of visitation with the defendant. The court, by incorporating the remaining paragraphs, entered other financial orders for asset distribution and payment obligations. It made no explicit findings underlying those orders. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant first claims that the court improperly proceeded to judgment in his absence, without adequate notice to him or an opportunity to be heard. We are not persuaded.

At the outset, we note the principles underlying the necessity for adequate and proper notice. "It is the settled rule of this jurisdiction, if indeed it may not be safely called an established principle of general jurisprudence, that no court will proceed to the adjudication of a matter involving conflicting rights and interests, until all persons directly concerned in the event have been actually or constructively notified of the pendency of the proceeding, and given reasonable opportunity to appear and be heard." (Internal quotation marks omitted.) *Hasbrouck* v. *Hasbrouck*, 195 Conn. 558, 559–60, 489 A.2d 1022 (1985). "It is a fundamental premise of due process that a court cannot adjudicate a matter until the persons directly concerned have been notified of its pendency and have been given a reasonable opportunity to be heard in sufficient time to prepare their positions on the issues involved." (Internal quotation marks omitted.) *Roberts* v. *Roberts*, 32 Conn. App. 465, 475, 629 A.2d 1160 (1993).

Our review of the record reveals that the defendant was given more than three months notice of the July

28, 2005 court date. The court stated in its notice, dated April 26, 2005, that "this case is assigned for pretrial and trial to the family limited list on 07/28/05 at 10:00 a.m. . . . You must be ready to proceed with your witnesses and have all required paperwork prepared!" The plaintiff testified at the hearing that she spoke with the defendant approximately two weeks prior to the court date and that he indicated that he would be on vacation and would not be attending the divorce proceeding. The defendant could have made a motion for a continuance, but he did not. "[I]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party. . . . Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Citation omitted; internal quotation marks omitted.) *Strobel* v. *Strobel*, 64 Conn. App. 614, 617–18, 781 A.2d 356, cert. denied, 258 Conn. 937, 786 A.2d 426 (2001). We, therefore, reject the defendant's claims and conclude that he had both adequate notice and an opportunity to be heard. He chose not to attend the proceedings and sought no continuance. Therefore, the court properly proceeded to judgment.

II

The defendant next claims that the court did not have jurisdiction to order that certain second mortgage payment obligations were in the nature of spousal support and nondischargeable for bankruptcy purposes. We conclude that the court had jurisdiction. The defendant has not cited any legal authority or provided us with any analysis as to why he claims the court did not have jurisdiction. Generally, "[w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis,

rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *Merchant* v. *State Ethics Commission*, 53 Conn. App. 808, 818, 733 A.2d 287 (1999). However, "a claim that the court lacks jurisdiction over the subject matter cannot be waived and must be addressed whenever it is brought to the court's attention. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . Accordingly, [t]he subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Citations omitted; internal quotation marks omitted.) *Manifold* v. *Ragalia*, 94 Conn. App. 103, 116–17, 891 A.2d 106 (2006).

It is axiomatic that jurisdiction "involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created." *Connecticut State Employees Assn., Inc.* v. *Connecticut Personnel Policy Board*, 165 Conn. 448, 456, 334 A.2d 909 (1973). General Statutes § 46b-82 (a) grants the Superior Court the power "[a]t the time of entering the decree" to "order either of the parties to pay alimony to the other . . . ." General Statutes § 46b-82 (a). Additionally, General Statutes § 46b-1 grants the Superior Court the power to order support of minor children. We therefore reject the defendant's claim that the court lacked the power to enter as part of its support orders at the time of the dissolution of the marriage an order of payment of a home equity loan. See also *Larson* v. *Larson*, 89 Conn. App. 57, 872 A.2d 912, cert. denied, 274 Conn. 915, 879 A.2d 892 (2005).

## III

We next address the defendant's claim that the court improperly entered certain financial orders without evidentiary support. We deem it necessary for the proper disposition of this case to remand for further articulation on two points. First, we direct the court to articulate the value of the marital home, which it found upon the entry of the dissolution decree. Second, we direct the court to articulate the defendant's gross and net earnings, which it found upon the entry of dissolution.

The case is remanded with direction to articulate the value of the parties' marital home and the defendant's gross and net earnings.

In this opinion DiPENTIMA, J., concurred.

MIHALAKOS, J., dissenting in part. The majority concludes that it is necessary, for proper disposition of the claim by the defendant, William Aley, that the trial court was without sufficient evidence to render its financial orders for asset distribution and payment obligations, to remand the case for the court to articulate on two points, the value of the marital home and the defendant's gross and net earnings. Although I agree with the analysis set forth in parts I and II of the majority's opinion, I write separately because I respectfully disagree with the majority's decision to remand the matter for articulation.

"An appellate court will not disturb a trial court's orders [financial or otherwise] in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action.

. . . We apply that standard of review because it reflects the sound policy that the trial court has the unique opportunity to view the parties and their testimony, and is therefore in the best position to assess all of the circumstances surrounding a dissolution action, including such factors as the demeanor and the attitude of the parties." (Citation omitted; internal quotation marks omitted.) *Dombrowski* v. *Noyes-Dombrowski*, 273 Conn. 127, 132, 869 A.2d 164 (2005).

Although a court must consider all of the statutory factors for determining alimony and property distribution set forth in General Statutes §§ 46b-81 and 46b-82, respectively, our Supreme Court has emphasized that a court need not make explicit reference to the statutory criteria that it considered in making its decision or make express findings as to each statutory factor. *Dombrowski* v. *Noyes-Dombrowski*, supra, 273 Conn. 137. "It is axiomatic . . . that [t]he trier [of fact] is free to accept or reject, in whole or in part, the evidence offered by either party." (Internal quotation marks omitted.) *Cushman* v. *Cushman*, 93 Conn. App. 186, 195, 888 A.2d 156 (2006); see also *Olson* v. *Olson*, 71 Conn. App. 826, 833, 804 A.2d 851 (2002).

The majority's decision to remand suggests its concern either that the court had no evidence of valuation and earnings, or that whatever evidence did exist was insufficient for the entry of its financial orders. That is not the case.

Regarding the distribution of the marital home, the court had before it the defendant's financial affidavit, which showed the value of the home, on which it was entitled to rely in awarding the home to the plaintiff, Susan Aley. The court was not required to make explicit reference to the value it assigned to the marital home. Because only one estimate of value was presented to

the court, it is clear that this is the value the court chose to adopt.

Moreover, the court had before it the defendant's financial affidavit and a child support guidelines worksheet showing the defendant's gross and net earnings and the child support to be paid by the defendant in accordance with those earnings. The court was entitled to accept whatever evidence was before it in determining net and gross income. The defendant's financial affidavit, which was a few months old, represented the defendant's gross weekly earnings as $846.16 and net weekly earnings as $657.16. The child support guidelines worksheet, in contrast, represented the defendant's gross weekly earnings to be $904 and his net weekly earnings to be $676. The court ordered the sum of $139 to be paid by the defendant, which was the exact figure shown on the support guidelines worksheet. Although the court did not explicitly state that it found the gross and net earnings to be $904 and $676, respectively, it is clear from the court's orders that it chose to adopt the figures set forth in the child support worksheet because the amount of child support ordered, $139, was identical to that set forth in the worksheet.

"When faced with the constraints of incomplete information, a court cannot be faulted for fashioning an award as equitably as possible under the circumstances." *Commissioner of Transportation* v. *Larobina*, 92 Conn. App. 15, 32, 882 A.2d 1265, cert. denied, 276 Conn. 931, 889 A.2d 816 (2005); see also *Brycki* v. *Brycki*, 91 Conn. App. 579, 591–92, 881 A.2d 1056 (2005). I believe that no articulation is necessary in the present case and that there was sufficient evidence in the record to support the court's orders. For the reasons previously discussed, I respectfully dissent only as to the majority's remand for articulation and would affirm the judgment of the trial court.