MELANIE GIORDANO *v.* RICHARD GIORDANO
(4166)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued October 9, 1986—decision released February 17, 1987

*Ridgely W. Brown,* with whom, on the brief, was *Heather M. Brown,* for the appellant (defendant).

*Kenneth Garfunkel,* for the appellee (plaintiff).

*Lawrence D. Church,* for the minor child.

DUPONT, C. J. The plaintiff instituted this action seeking dissolution of her marriage to the defendant, custody of the child who was the sole issue of the marriage, attorney's fees, alimony and support payments. The issues properly presented to this court on appeal are whether the trial court erred in refusing to recuse or disqualify itself, and whether the trial court erred in awarding joint custody of the child, with primary physical custody to the plaintiff.[1]

---

[1] The defendant claimed seven separate issues for consideration on appeal. One of those issues was not briefed and will be considered abandoned. *Rodriguez* v. *Mallory Battery Co.,* 188 Conn. 145, 149, 448 A.2d 829 (1982). Three other issues will not be considered as they "evade meaningful appellate review because counsel has not researched the issues or formulated any legal arguments thereunder." *In re Juvenile Appeal (85-3),* 3 Conn. App. 194, 197, 485 A.2d 1369 (1985). "Bare assertions of error without citation to legal authority may constitute an abandonment of a claim." *State* v. *Chauvin,* 8 Conn. App. 307, 311, 512 A.2d 969 (1986). *State* v. *Knighton,* 7 Conn. App. 223, 226-28, 508 A.2d 772 (1986). The seventh issue, whether the trial court should have recused itself, sua sponte, because of its "arguments with defense counsel on the record, interference with counsel's direct and cross examination, sexist comments on the record, and generally inter-

The facts relevant to this appeal are as follows. Each side presented numerous witnesses and other evidence during the course of the trial. The minor child was represented by counsel throughout these proceedings, and adopted the plaintiff's brief. At trial, counsel for the minor child urged the court to award joint custody to the parties. The trial court was presented with a family relations study which it had ordered to assist it in determining the custody issue. The report recommended joint custody. A request for joint custody was made by the defendant in his answer and counterclaim, but was not specifically raised by either party thereafter during the course of the trial, although the court inquired of some witnesses about custody arrangements other than sole custody. The court also clearly stated during the course of the trial that it was considering an award of joint custody.[2]

The first issue on appeal is whether the trial court erred in not recusing or disqualifying itself during the course of the trial. The motion for disqualification was made once during the course of the trial after a chambers conference, and was subsequently renewed during final argument by the defendant. The issue of disqualification has been seasonably asserted and will be considered. *Cameron* v. *Cameron,* 187 Conn. 163, 168, 444 A.2d 915 (1982).

The motion to recuse was precipitated by the statement of the trial court, made during a chambers conference on the third day of a six day trial, that sole custody of the child in the defendant was "not possi-

jecting itself inappropriately into the case" is treated in the text as part of the issue relating to the court's failure to grant the defendant's motion for recusal.

[2] At the time of trial, the defendant had visitation rights of two to three days per week and he testified that he had no objection if he obtained custody of the child that the plaintiff have visitation rights of three days per week. He also argued that he obtain "sole custody . . . as far as decisions are concerned."

ble." The motion was made on the record immediately following the chambers conference. The court, in denying the motion for disqualification, stated that he had over twenty years of experience on the bench, that cases are decided only upon the complete record and that the statement was not any sort of final decision, but his reaction based upon the evidence heard up until that point. The court also assured the defendant's attorney that the making of the motion would not change the court's attitude toward him, or his client.

The ground for disqualification asserted then, and briefed on appeal, is that the court improperly interfered with defendant's counsel in his conduct of the trial, was sexist, and had a preconceived opinion which raises questions about the impartiality of the proceeding. See id., 168–69. In *Cameron* v. *Cameron,* supra, 171, upon which the defendant relies, it was held that a mistrial should have been granted as the trial judge had "publicly committed himself in the middle of the trial to the position that the defendant had testified falsely at the deposition and that he or his lawyer was attempting to perpetrate a fraud." In this case, it is evident from the trial court's initial ruling on the motion that he felt he could hear the matter fairly and without the appearance of prejudice against either party, and that his determination of the issues would be upon all of the evidence adduced at trial. See *Glodenis* v. *American Brass Co.,* 118 Conn. 29, 39, 170 A.2d 146 (1934).

The defendant renewed his motion at final argument, claiming that the court's continuing course of conduct had denied him a fair and impartial trial. He relies in the brief on a few comments carefully culled from the course of the entire trial. The comments about which the defendant complains do not always follow the testimony quoted in his brief. We have carefully reviewed the entire transcript and find no merit whatsoever to

his claim. A fair reading of the transcript indicates that the court was not argumentative, and did not indicate any bias for either party. "The record is devoid of any suggestion of actual impropriety or bias on the part of the referee." *Timm* v. *Timm,* 195 Conn. 202, 205, 487 A.2d 191 (1985).

The second claim of the defendant is that the trial court erred in awarding joint custody, with physical possession in the plaintiff. The defendant relies for this issue on the recent case of *Timm* v. *Timm,* supra. The defendant contends that the *Timm* case holds that it is error to award joint custody when there is no "meeting of the minds" of the parties. Id., 210.

The award of joint custody, however, may be proper when the weight of the evidence indicates that it is in the best interests of the child. See id. "[T]he primary focus . . . is the best interest of the child, and the child's interest in sustained growth, development, well-being, and in the continuity and stability of its environment." *Cappetta* v. *Cappetta,* 196 Conn. 10, 16, 490 A.2d 996 (1985). The court specifically found that "each parent is a loving, caring, and otherwise entirely suitable custodian of the child." Appellate review of the exercise of the discretion of the trial court is limited to determining whether the trial court could reasonably have concluded as it did and whether the law was correctly applied to the case. *Timm* v. *Timm,* supra. The facts will not now be retried, nor will we vary the weight placed upon the evidence adduced at trial. *Leo* v. *Leo,* 197 Conn. 1, 4–8, 495 A.2d 704 (1985). When one of the parties has sought joint custody in the pleadings, it is not error for the court, in the exercise of its discretion, to award joint custody. *Emerick* v. *Emerick,* 5 Conn. App. 649, 657, 502 A.2d 933 (1985), cert. dismissed, 200 Conn. 804, 510 A.2d 192 (1986); see J. Steinberg, "Joint Cus-

tody: Is Parental Approval Required? An Analysis of *Emerick* v. *Emerick*," Conn. Fam. L. J., May, 1986, pp. 51–53.

There is no error.

In this opinion the other judges concurred.