[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: CUSTODY AND VISITATION
This court dissolved the parties' marriage on December 20 1993, after they reached an agreement on finances. The parties did not resolve issues relating to custody and visitation. The court heard evidence on these issues on December 21, 1993. The court's orders as to custody and visitation are set forth below.
The parties have agreed that the plaintiff wife should have physical custody of their four children. They do not agree as to legal custody. The plaintiff wife wants to be the sole legal custodian. The defendant husband wants the parents to be joint legal custodians. The parties also differ on the father's visitation time with the children.
In resolving custody and visitation issues, this court must decide what the weight of the evidence indicates is in the best interests of the children. General Statutes 46b-56; Giordano v. Giordano, 9 Conn. App. 641, 645 (1987). The evidence indicates that each parent loves the four children and is capable of caring for them. The evidence further shows much conflict and hostility between the parents. Based upon the testimony of the mother and the family relations officer, this court concludes that the parents can not effectively communicate about the children. A joint legal custody arrangement would be unduly stressful on the children. Under these circumstances an award of joint legal custody is not in the best interests of the children. CT Page 466
The court enters the following orders:
 1. The children shall reside with the plaintiff, i.e. the mother.
2. The mother shall have sole legal custody of the children.
 3. Should the mother decide to move the residence of the children outside of the State of Connecticut, she shall give the father notice of her decision ninety days prior to the move so that the father may, if he desires, contest the decision in court.
 4. The father shall have reasonable visitation in accordance with the following schedule:
 A. Weekends: alternating weekends from 4:00 p.m. on Friday to 6:00 p.m. on Sunday;
 B. Weekdays: visitations with Jennifer one day, Marc one day, and Dana and Jeffrey together one day. These visitations shall commence at the end of the school day and shall end by 7:00 p.m.;
 C. Major holidays and the childrens' birthdays shall be shared;
 D. Summer: Father shall have four nonconsecutive weeks with the children;
 5. During the father's visitations, he shall pick-up the children at the school on school days, at the mother's home on other days, and he shall return the children to the mother's home.
 6. Each parent shall have liberal phone contact with the children when the children are with the other parent.
 7. The father shall have access to all school records, medical and dental records, parent-teacher conferences, and the childrens' extra-curricular activities.
 8. Neither parent shall expose the children to any situation which will make the children uncomfortable or which will CT Page 467 detract from the quality of the parent-child relationship.
The foregoing orders shall be effective as of the date this decision is filed.
THIM, JUDGE