MARIA RIVNAK *v.* DAVID RIVNAK
(AC 26838)

DiPentima, Harper and Lavine, Js.

Argued October 16, 2006—officially released January 23, 2007

*David Rivnak,* pro se, the appellant (defendant).

*George J. Markley,* with whom was *Sheryl A. Shaughnessey,* for the appellee (plaintiff).

*Opinion*

DiPENTIMA, J. The pro se defendant, David Rivnak, appeals from the judgment of the trial court dissolving his marriage to the plaintiff, Maria Rivnak. On appeal, the defendant claims that the court improperly (1) entered financial orders because it (a) failed to consider and to apply the statutory factors set forth in General Statutes § 46b-82, (b) assigned the plaintiff an exceedingly high portion of the marital assets while assigning him an exceedingly high portion of the marital debt and liabilities, (c) imputed the ability to earn income solely to him and (d) ordered him to replenish an account established pursuant to 26 U.S.C. § 529 of the Internal Revenue Code for the higher education of the parties' two minor children; and (2) failed to address his motions for articulation, clarification and correction in a timely manner, which resulted in a contempt finding against him.[1] We affirm the judgment of the trial court.

The parties married on August 10, 1996, and, at the time of the trial, had two minor children. The court

---

[1] The defendant's brief is divided into seven sections, each of which purportedly sets forth a discrete issue. A reading of the brief, however, reveals that few, if any, of those sections fully set forth distinct claims and many arguments are interrelated. In addition, the defendant makes only a cursory mention of the standard of review, presented in the context of a quotation. For those reasons, among others, the defendant's brief does not comply with Practice Book § 67-4 (d). Nevertheless, by interpreting the various sections of the brief, we have discerned what we believe are the defendant's principal claims.

rendered judgment dissolving the marriage on July 7, 2005. The court found that the marriage had broken down irretrievably and that the defendant was the immediate cause of the breakdown as a result of his extramarital affairs.

The court entered orders regarding property distribution, alimony, child support and other miscellaneous matters. As part of the dissolution decree, the court ordered the defendant to pay the plaintiff $5000 per month in unallocated alimony and child support for a period of seven years. The plaintiff retained title to certain investment properties located in New Haven that she owned jointly with her parents for estate planning purposes. The defendant was ordered to quitclaim the marital home to the plaintiff, and, upon its sale, the proceeds were to be divided 60 percent to the plaintiff and 40 percent to the defendant. Once the defendant quitclaimed the marital home, he would no longer be responsible for the mortgage on that home. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant's first four claims challenge the financial orders entered by the court at the time of dissolution and the factual basis underlying those orders. We conclude that the court properly awarded alimony and child support and that its findings are supported by the record.

We review each of these claims under the same well settled standard of review. "An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . .

Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Demartino* v. *Demartino*, 79 Conn. App. 488, 492, 830 A.2d 394 (2003).

"A fundamental principle in dissolution actions is that a trial court may exercise broad discretion in awarding alimony and dividing property as long as it considers all relevant statutory criteria. . . . In reviewing the trial court's decision under [an abuse of discretion] standard, we are cognizant that [t]he issues involving financial orders are entirely interwoven. The rendering of judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other." (Internal quotation marks omitted.) *Kunajukr* v. *Kunajukr*, 83 Conn. App. 478, 481, 850 A.2d 227, cert. denied, 271 Conn. 903, 859 A.2d 562 (2004).

We apply the abuse of discretion standard of review because it "reflects the sound policy that the trial court has the unique opportunity to view the parties and their testimony, and is therefore in the best position to assess all of the circumstances surrounding a dissolution action, including such factors as the demeanor and the attitude of the parties." *Casey* v. *Casey*, 82 Conn. App. 378, 383, 844 A.2d 250 (2004).

A

The defendant first claims that the court abused its discretion when it failed to consider and to apply the

statutory factors set forth in § 46b-82. Specifically, the defendant's argument focuses on the absence of any discussion of the statutory criteria in the court's memorandum of decision.[2] We are not persuaded.

"Trial courts are vested with broad and liberal discretion in fashioning orders concerning the type, duration and amount of alimony and support, applying in each case the guidelines of the General Statutes." *Hartney* v. *Hartney*, 83 Conn. App. 553, 559, 850 A.2d 1098, cert. denied, 271 Conn. 920, 859 A.2d 578 (2004). General Statutes § 46b-82[3] describes circumstances under which a court may award alimony. "The court must consider all of these criteria. . . . It need not, however, make explicit reference to the statutory criteria that it considered in making its decision or make express finding[s] as to each statutory factor. . . . Nor need it give each factor equal weight." (Citation omitted; internal quotation marks omitted.) *Dombrowski* v. *Noyes-Dombrowski*, 273 Conn. 127, 137, 869 A.2d 164 (2005); see also *Simmons* v. *Simmons*, 244 Conn. 158, 175, 708 A.2d 949 (1998); *Chyung* v. *Chyung*, 86 Conn. App. 665, 669–70, 862 A.2d 374 (2004), cert. denied, 273 Conn. 904, 868 A.2d 744 (2005).

In its memorandum of decision, the court stated that it "considered the criteria set forth in [General] Statutes §§ 46b-56c, 46b-81, 46b-82 and 46b-84 in entering its

[2] During oral argument before us, the defendant did not address this issue, choosing, instead, to raise for the first time the claim that the court based its financial orders on his gross income rather than on his net income. Because the issue was raised for the first time during oral argument and, therefore, has not been properly briefed, we decline to afford it consideration. See *State* v. *Wright*, 197 Conn. 588, 595, 500 A.2d 547 (1985).

[3] The criteria to be considered in determining an award of alimony include "the length of the marriage, the causes for the . . . dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81 . . . ." General Statutes § 46b-82 (a).

orders." The court attributed the breakdown of the parties' eight year marriage to the defendant's extramarital affairs, domestic violence and "frequent use of marijuana during the course of the marriage." The court further found that "[d]espite the husband's philandering and abusive behavior, [the plaintiff] made every effort to make the marriage work." The court clearly considered the statutory criteria set forth in § 46b-82. There is no additional requirement that the court specifically state how it weighed the statutory criteria or explain in detail the importance assigned to each statutory factor. See *Chyung* v. *Chyung*, supra, 86 Conn. App. 669–70. Accordingly, the defendant's argument fails.

B

The defendant next argues that the court incorrectly imputed the ability to earn income solely to him. We disagree.

As stated with regard to the defendant's previous argument, the court considered the relevant statutory criteria for making a financial award, including § 46b-82 (a), which specifically calls for the court to consider, inter alia, the "amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment." General Statutes § 46b-82 (a). Moreover, the court considered the plaintiff's previous employment with New Haven Savings Bank until the birth of the parties' first child and considered the plaintiff's future employability. The plaintiff was awarded custody of the couple's two minor children, and the court found that she had "indicated her willingness to seek employment to support her children." Contrary to the defendant's assertions, there is no indication in the record

that the court unfairly imputed the ability to earn income solely to the defendant.[4]

## C

The defendant next argues that the court incorrectly assigned the plaintiff an exceedingly high portion of the marital assets while assigning him an exceedingly high portion of the marital debt and liabilities. This claim warrants little discussion.

"General Statutes § 46b-81 (c) directs the court to consider numerous separately listed criteria. No language of presumption is contained in the statute. Indeed, § 46b-81 (a) permits the farthest reaches from an equal division as is possible, allowing the court to assign to either the husband or wife *all* or any part of the estate of the other. . . . On the basis of the plain language of § 46b-81, there is no presumption in Connecticut that marital property should be divided equally prior to applying the statutory criteria." (Emphasis in original; internal quotation marks omitted.) *Wendt* v. *Wendt*, 59 Conn. App. 656, 682, 757 A.2d 1225, cert. denied, 255 Conn. 918, 763 A.2d 1044 (2000). The parties submitted financial affidavits, which listed the property

---

[4] The defendant attempts to frame a constitutional issue within his argument that the court imputed income only to him by arguing that the court's actions resulted in sexual discrimination. While mindful of the defendant's pro se status, we cannot ignore the fundamental purpose of our rules and procedures. "[I]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party. . . . Nonetheless, [a]lthough we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Citation omitted; internal quotation marks omitted.) *New Haven* v. *Bonner*, 272 Conn. 489, 497–98, 863 A.2d 680 (2005). The plaintiff's argument contains mere assertions devoid of any authoritative support or real analysis. "Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *State* v. *Anderson*, 67 Conn. App. 436, 441 n.8, 787 A.2d 601 (2001). For those reasons, we decline to entertain this claim.

values that the defendant now calls into question. As we have so often stated, "[t]he trier [of fact] is free to accept or reject, in whole or in part, the evidence offered by either party." (Internal quotation marks omitted.) *Cushman* v. *Cushman*, 93 Conn. App. 186, 195, 888 A.2d 156 (2006); *Olson* v. *Olson*, 71 Conn. App. 826, 833, 804 A.2d 851 (2002). The court's memorandum specifically stated that it considered the fact that the plaintiff was given an interest in the investment properties by her parents to help "supplement [the parties'] income," and that the defendant "maintained and helped out with the properties sporadically at best." The court did not abuse its discretion by awarding the investment properties accordingly to the plaintiff.

The liabilities were similarly assigned on the basis of the court's consideration of the parties' affidavits and the respective ownership of each debt. We conclude that the court did not abuse its discretion.

D

The defendant's final argument with respect to the financial orders is that the court incorrectly ordered the defendant to replenish the § 529 account.

The § 529 account was established to fund the higher education of the parties' two children. The account, which at one time contained $93,000, had been used by the defendant during the pendency of the divorce for personal expenses. At the time of dissolution, the account had been reduced to $25,500. The court ordered the defendant to add an additional $24,500 to that account and to discontinue making any further withdrawals. It was well within the court's discretion to make such an order on the basis of the nature of the fund, which was to provide support and maintenance for the children for their future higher educational needs. See *Valante* v. *Valante*, 180 Conn. 528, 532, 429

A.2d 964 (1980); *Louney* v. *Louney*, 13 Conn. App. 270, 274–75, 535 A.2d 1318 (1988).[5]

## II

The defendant next challenges both the court's denial of his motion for articulation, clarification and correction, and its finding him in contempt. Specifically, the defendant argues that because the motion for articulation was untimely, he was unable to comply with the court's order. We conclude that the first part of the defendant's claim is not a proper subject for review on appeal, and, as to the second part, we are not persuaded.

Following the court's decision, filed on July 7, 2005, the plaintiff filed a motion for articulation, which was granted in part by the court.[6] On August 31, 2005, the defendant filed a motion for articulation, clarification and correction, which was denied on November 10, 2005. On September 29, 2005, the court began its hearing on the plaintiff's motion for contempt. It found that there was an arrearage in alimony and child support of $15,000 as of the date of the hearing and found the defendant to be in contempt of court. The court ordered the defendant incarcerated until he purged the contempt by paying the sum of $15,000 to the plaintiff. Three days later, the defendant purged his contempt and was released.

The defendant mistakes the procedural route to take when seeking review of an articulation. Practice Book § 66-5 provides in relevant part that "[t]he sole remedy

[5] We note that the defendant also attempts to assert an equal protection claim premised on the court's failure to consider his interest equally with that of the plaintiff. Among other deficiencies, the defendant has not provided adequate briefing on this claim. For the reasons asserted with respect to the defendant's sexual discrimination claim, we decline to review this claim as well. See footnote 4.

[6] On August 8, 2005, the court issued an articulation of its decision with respect to real estate, alimony and medical insurance.

of any party desiring the court having appellate jurisdiction to review the trial court's decision on the motion [for articulation] filed pursuant to this section . . . shall be by motion for review under Section 66-7. . . ." The defendant's pursuit of review and remedy through appeal is, therefore, inappropriate. See *Burke* v. *Burke*, 94 Conn. App. 416, 420, 892 A.2d 964 (2006).

The defendant's second argument centers on the court's finding of contempt. The defendant contends that the court improperly determined that he wilfully failed to pay the alimony and child support in light of his financial circumstances, which were strained because he was paying the mortgage on the parties' marital home.

We begin our analysis by addressing the appropriate standard of review. "Contempt proceedings are a proper means of enforcing a court order of child support. A willful failure to pay court ordered child support as it becomes due constitutes indirect civil contempt." *Mulholland* v. *Mulholland*, 31 Conn. App. 214, 220, 624 A.2d 379 (1993), aff'd, 229 Conn. 643, 643 A.2d 246 (1994); see also General Statutes § 46b-215.

"[A] finding of indirect civil contempt must be established by sufficient proof that is premised upon competent evidence presented to the trial court in accordance with the rules of procedure as in ordinary cases. . . . A finding of contempt is a factual finding. . . . We will reverse that finding only if we conclude that the trial court abused its discretion." (Citations omitted; internal quotation marks omitted.) *Billings* v. *Billings*, 54 Conn. App. 142, 152, 732 A.2d 814 (1999).

The defendant's claim that he did not obey the court's order because it was impossible for him financially to do so is unavailing. We note that the defendant was ordered to quitclaim the marital home to the plaintiff. Upon that transfer, the plaintiff would be responsible

for the taxes and mortgage on the home. The defendant's failure to effect that transfer resulted in his strained financial condition. "[T]here is no privilege to disobey a court's order because the alleged contemnor believes that it is invalid." *Cologne* v. *Westfarms Associates*, 197 Conn. 141, 148, 496 A.2d 476 (1985); *Mulholland* v. *Mulholland,* supra, 31 Conn. App. 221. "[A]n order issued by a court of competent jurisdiction must be obeyed by the parties until it is reversed by orderly and proper proceedings." (Internal quotation marks omitted.) *State* v. *Wright,* 273 Conn. 418, 425, 870 A.2d 1039 (2005). Accordingly, the defendant's argument fails.

The judgment is affirmed.

In this opinion the other judges concurred.