******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ELLEN S. *v.* KATLYN F.*
(AC 38871)

Keller, Prescott and Bear, Js.

*Syllabus*

The defendant appealed to this court from the judgment of the trial court granting the plaintiff's application for a civil protection order. The defendant claimed that the trial court improperly determined that there were reasonable grounds to believe that the defendant had stalked the plaintiff and would continue to do so in the absence of an order of protection. *Held* that the defendant's claim that the trial court improperly granted the plaintiff's application for a civil protection order was unavailing; because the defendant failed to obtain a memorandum of decision from the trial court and to include it in the appendix to her brief, and the transcript of the trial court proceedings that the defendant filed with the appellate clerk did not reveal a sufficiently detailed and concise statement of the court's findings, this court could not conclude, on the basis of the limited record before it, that the trial court committed any legal or factual error in reaching the decision that it did, as the scant record did not reflect the errors claimed by the defendant, and the trial court's ruling therefore was entitled to the reasonable presumption that it was correct.

Argued May 25—officially released August 15, 2017

*Procedural History*

Application for a civil protective order, brought to the Superior Court in the judicial district of New London and tried to the court, *Diana, J.*; judgment granting the application, from which the defendant appealed to this court. *Affirmed.*

*Cody A. Layton*, with whom, on the brief, was *Drzislav Coric*, for the appellant (defendant).

*Opinion*

PER CURIAM. The defendant, Katlyn F., appeals from the judgment of the trial court granting the application for a civil protection order filed by the plaintiff, Ellen S.[1] The defendant claims that the court improperly determined "that there were reasonable grounds to believe that the defendant had stalked the plaintiff and would continue to do so in the absence of an order of protection." We affirm the judgment of the trial court.

The record reveals the following facts. On January 6, 2016, the plaintiff filed an application for an order of civil protection against the defendant. In her application, she alleged in relevant part that she had been the victim of stalking. In her application, she described two occasions in which she was subjected to what she characterized as "immature behavior" by the defendant. On one occasion, the defendant yelled at her and almost overturned a table in her direction. On the other occasion, the defendant shoved her using both hands. She alleged that other encounters had occurred, but did not provide details about them. The plaintiff requested that the court order that the defendant (1) not assault, threaten, abuse, harass, follow, interfere with or stalk her; (2) stay away from her home; (3) not contact her in any manner; and (4) stay 100 yards away from her. The court granted the application and issued an ex parte civil protection order.

The court held a hearing on the application on January 19, 2016. This was a joint hearing during which the court also considered an application for a civil restraining order against the defendant that was brought by the plaintiff's boyfriend, the court's denial of which is not a subject of this appeal. It was not disputed that the plaintiff's boyfriend is the defendant's former boyfriend. At the hearing, the plaintiff testified with respect to four separate and distinct incidents, which occurred during an approximately three year period of time, involving herself and the defendant: the first incident occurred at a restaurant referred to as the Harp and Dragon in December, 2015; the second incident occurred at a restaurant referred to as Hot Rod's in December, 2014; the third incident occurred at an establishment referred to as the Oasis Pub; and the fourth incident occurred at a friend's house in the summer of 2014. At the hearing, the court heard testimony from the plaintiff, the plaintiff's boyfriend, the defendant, and a mutual friend of the parties. At the conclusion of the hearing, the court granted the plaintiff's application. The court ordered that the defendant "not assault, threaten, abuse, harass, follow, interfere with or stalk the [plaintiff] with regard to that matter. That order is [going to] be in effect for six months from this date . . . ."[2] This appeal followed.

The defendant argues that, in granting the plaintiff

relief under General Statutes (Rev. to 2015) § 46b-16a,[3] the court erroneously found that there were reasonable grounds to believe that she committed acts to warrant issuance of the civil protective order and that she will continue to commit such acts or acts designed to intimidate or retaliate against the applicant. The defendant argues that the court "erred in its interpretation of and application of the law to the facts." In so doing, the defendant first argues that it is reasonable to infer that the court based its decision on a finding that she committed acts constituting stalking in the second degree as described in General Statutes (Rev. to 2015) § 53a-181d,[4] and, she argues, the evidence presented at the hearing did not support such a finding. Second, the defendant argues that "[n]o evidence was presented by either party that would indicate that [she] would continue to commit the acts she has been accused of." The defendant asks this court to reverse the court's judgment and to remand the case to the trial court with direction to deny the plaintiff's application.

Initially, we observe that the defendant's appendix does not contain a copy of the trial court's decision. "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire record is complete, correct and otherwise perfected for presentation on appeal." Practice Book § 61-10 (a); see also Practice Book § 60-5 ("[i]t is the responsibility of the appellant to provide an adequate record for review as provided in [§] 61-10"). The appellant bears the responsibility for providing this court with an appendix that, in part one, "shall contain . . . opinions or decisions of the trial court . . . ." Practice Book § 67-8 (b) (1). For reasons that should be obvious, this noncompliance with the rules of appellate procedure is an impediment to this court's review of the defendant's brief as well as the trial court's decision.

Next, we observe that a copy of the trial court's decision does not appear in the court file. The court's rendering of judgment in favor of the plaintiff in this matter constitutes a final judgment. Pursuant to Practice Book § 64-1 (a), the trial court was required "[to] state its decision either orally or in writing . . . . The court's decision shall encompass its conclusion as to each claim of law raised by the parties and the factual basis therefor. If oral, the decision shall be recorded by a court reporter, and, if there is an appeal, the trial court shall create a memorandum of decision for use in the appeal by ordering a transcript of the portion of the proceedings in which it stated its oral decision. The transcript of the decision shall be signed by the trial judge and filed with the clerk of the trial court. . . ." Pursuant to Practice Book § 64-1 (b), "[i]f the trial judge fails to file a memorandum of decision or sign a transcript of the oral decision in any case covered by subsection (a), the appellant may file with the appellate clerk a notice that the decision has not been filed in compliance

with subsection (a). The notice shall specify the trial judge involved and the date of the ruling for which no memorandum of decision was filed. The appellate clerk shall promptly notify the trial judge of the filing of the appeal and the notice. The trial court shall thereafter comply with subsection (a)." Our review of the court file reflects that the defendant did not attempt to rectify the record by filing a motion pursuant to Practice Book § 64-1 (b) with the appellate clerk. The defendant's failure leaves this court without a ready means of identifying the trial court's decision.

The defendant has failed to obtain a memorandum of decision from the court and has failed to include it in the appendix to her brief. The defendant, however, has filed with the appellate clerk a transcript from the court proceeding on January 19, 2016. In challenging the factual and legal basis of the court's decision, the defendant cites to the transcript and refers to statements made by the court that appear in the transcript.

"When the record does not contain either a memorandum of decision or a transcribed copy of an oral decision signed by the trial court stating the reasons for its decision, this court frequently has declined to review the claims on appeal because the appellant has failed to provide the court with an adequate record for review. . . . Moreover, [t]he requirements of Practice Book § 64-1 are not met simply by filing with the appellate clerk a transcript of the entire trial court proceedings. . . . Despite an appellant's failure to satisfy the requirements of . . . § 64-1, this court has, on occasion, reviewed claims of error in light of an unsigned transcript as long as the transcript contains a sufficiently detailed and concise statement of the trial court's findings." (Citations omitted; internal quotation marks omitted.) *Stechel* v. *Foster*, 125 Conn. App. 441, 445, 8 A.3d 545 (2010), cert. denied, 300 Conn. 904, 12 A.3d 572 (2011); see also *JP Morgan Chase Bank* v. *Gianopoulos*, 131 Conn. App. 15, 20–21, 30 A.3d 697 (court may determine that unsigned transcript contains sufficiently detailed and concise statement of trial court's findings), cert. denied, 302 Conn. 947, 30 A.3d 2 (2011).

Our review of the transcript does not reveal a sufficiently detailed and concise statement of the court's findings.[5] "It is well settled that [w]e do not presume error; the trial court's ruling is entitled to the reasonable presumption that it is correct unless the party challenging the ruling has satisfied its burden demonstrating the contrary." (Internal quotation marks omitted.) *State* v. *Milner*, 325 Conn. 1, 13, 155 A.3d 730 (2017). "Our role is not to guess at possibilities . . . but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the defendant's] claims would be entirely speculative." (Internal quotation

marks omitted.) *Stacy B.* v. *Robert S.*, 165 Conn. App. 374, 382, 140 A.3d 1004 (2016).

On the basis of our careful review of the limited record provided to us by the defendant, we disagree that the court committed any legal or factual error in reaching the decision that it did. The scant record before us does not reflect the errors claimed by the defendant. See, e.g., *Murcia* v. *Geyer*, 151 Conn. App. 227, 231, 93 A.3d 1189 ("we are constrained to conclude, on the basis of our review of the limited record provided to us, that the court acted reasonably"), cert. denied, 314 Conn. 917, 100 A.3d 406 (2014); *Lucarelli* v. *Freedom of Information Commission*, 136 Conn. App. 405, 411, 46 A.3d 937 ("[t]here is nothing in the record before us from which we can conclude that court abused its discretion"), cert. denied, 307 Conn. 907, 53 A.3d 222 (2012).

The judgment is affirmed.

* In accordance with our policy of protecting the privacy interest of the applicant for a protective order, we decline to identify the applicant or others through whom the applicant's identity may be ascertained.

[1] The plaintiff did not file a brief in connection with this appeal. We consider the appeal on the basis of the defendant's brief and the record.

[2] The expiration of a six month domestic violence restraining order issued pursuant to General Statutes § 46b-15 does not render an appeal from that order moot due to adverse collateral consequences. *Putman* v. *Kennedy*, 279 Conn. 162, 164–65, 900 A.2d 1256 (2006). We apply that principle to the order of civil protection here.

[3] General Statutes (Rev. to 2015) § 46b-16a provides in relevant part: "(a) Any person who has been the victim of sexual abuse, sexual assault or stalking, as described in sections 53a-181c, 53a-181d and 53a-181e, may make an application to the Superior Court for relief under this section, provided such person has not obtained any other court order of protection arising out of such abuse, assault or stalking and does not qualify to seek relief under section 46b-15.

"(b) The application shall be accompanied by an affidavit made by the applicant under oath that includes a statement of the specific facts that form the basis for relief. Upon receipt of the application, if the allegations set forth in the affidavit meet the requirements of subsection (a) of this section, the court shall schedule a hearing not later than fourteen days from the date of the application. If the court is closed on the scheduled hearing date, the hearing shall be held on the next day the court is open and any ex parte order that was issued shall remain in effect until the date of such hearing. If the court finds that there are reasonable grounds to believe that the respondent has committed acts constituting grounds for issuance of an order under this section and will continue to commit such acts or acts designed to intimidate or retaliate against the applicant, the court, in its discretion, may make such orders as it deems appropriate for the protection of the applicant. If the court finds that there are reasonable grounds to believe that an imminent danger exists to the applicant, the court may issue an ex parte order granting such relief as it deems appropriate. In making such orders, the court, in its discretion, may consider relevant court records if the records are available to the public from a clerk of the Superior Court or on the Judicial Branch's Internet web site. Such orders may include, but are not limited to, an order enjoining the respondent from: (1) Imposing any restraint upon the person or liberty of the applicant; (2) threatening, harassing, assaulting, molesting, sexually assaulting or attacking the applicant; and (3) entering the dwelling of the applicant.

"(c) No order of the court shall exceed one year, except that an order may be extended by the court upon proper motion of the applicant, provided a copy of the motion has been served by a proper officer on the respondent, no other order of protection based on the same facts and circumstances is in place and the need for protection, consistent with subsection (a) of this section, still exists. . . ."

[4] General Statutes (Rev. to 2015) § 53a-181d provides in relevant part: "(a)

For the purposes of this section, 'course of conduct' means two or more acts, including, but not limited to, acts in which a person directly, indirectly or through a third party, by any action, method, device or means, (1) follows, lies in wait for, monitors, observes, surveils, threatens, harasses, communicates with or sends unwanted gifts to, a person, or (2) interferes with a person's property.

"(b) A person is guilty of stalking in the second degree when:

"(1) Such person knowingly engages in a course of conduct directed at a specific person that would cause a reasonable person to fear for such person's physical safety or the physical safety of a third person; or

"(2) Such person intentionally, and for no legitimate purpose, engages in a course of conduct directed at a specific person that would cause a reasonable person to fear that such person's employment, business or career is threatened, where (A) such conduct consists of the actor telephoning to, appearing at or initiating communication or contact at such other person's place of employment or business, provided the actor was previously and clearly informed to cease such conduct, and (B) such conduct does not consist of constitutionally protected activity. . . ."

[5] In terms of relevant findings, the transcript reflects that the court stated only that the plaintiff "has sustained proof" and that "this is stalking." The court stated that it was "concerned with some of the incidents that . . . have occurred. I believe that the parties have been credible in describing the incidents."

--------------------------------------------