******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

ROSE B.* *v.* PRINCESS DICKSON DAWSON
(AC 39695)

DiPentima, C. J., and Keller and Mullins, Js.

*Syllabus*

The defendant appealed to this court from the judgment of the trial court granting the plaintiff's application for a civil protection order. The plaintiff had filed the application, pursuant to statute (§ 46b-16a), against the defendant, a former friend, claiming that she had been the victim of stalking by the defendant and that she feared for her safety and well-being. *Held*:

1. The defendant could not prevail on her claim that the trial court abused its discretion in granting the application because the plaintiff did not present sufficient evidence to warrant such relief; because the record did not contain either a memorandum of decision or a transcribed copy of an oral decision signed by the trial court stating the reasons for its decision as required by the rules of practice (§ 64-1 [a]), and the defendant merely included a copy of three pages of the trial transcript that was not signed by the court, which did not reveal the factual or legal bases for the court's decision, this court's review of the record did not afford it a basis on which to conclude that errors were made, and this court would not speculate with regard to the rationale of the trial court's decision nor presume that the court acted erroneously.

2. The trial court did not abuse its discretion in denying the defendant's request for reconsideration, in which she alleged that because the application filed by the plaintiff did not include dates, she lacked adequate notice as to the specific facts that formed the basis for the plaintiff's application and was unduly surprised at the hearing by the plaintiff's version of the events; the defendant did not raise any issue with respect to a lack of specificity in the plaintiff's application prior to the date of the full hearing, during the presentation of evidence at the hearing, or after the court heard the evidence but prior to the time that it rendered its decision in this matter, and because the defendant did not assert that she was prejudiced by the lack of specificity in the plaintiff's application until after the court announced its ruling, which was adverse to her, the trial court properly found the defendant's expressed concern to be untimely.

Argued May 31—officially released August 29, 2017

*Procedural History*

Application for civil order of protection, brought to the Superior Court in the judicial district of Fairfield, where the court, *Kamp, J.*, granted the application; thereafter, following a hearing, the court, *Hon. Edward F. Stodolink*, judge trial referee, continued the order of protection, and the defendant appealed to this court. *Affirmed.*

*Robert Berke*, for the appellant (defendant).

*Opinion*

KELLER, J. The defendant, Princess Dickson Dawson, appeals from the judgment of the trial court granting the application for a civil protection order filed by the plaintiff, Rose B.[1] The defendant claims (1) that the court abused its discretion in granting the application because the plaintiff did not present sufficient evidence to warrant such relief[2] and (2) the court improperly denied the defendant's "request for a continuance and reconsideration." We affirm the judgment of the trial court.

The record reveals the following facts. On September 27, 2016, the plaintiff, pursuant to General Statutes § 46b-16a, filed an application for an order of civil protection against the defendant, who is described in the application as the plaintiff's "former friend," a person whom she has known for more than fifteen years. In her application, the plaintiff alleged in relevant part that she had been the victim of stalking by the defendant and that she feared for her "safety [and] well-being." She referred to three incidents involving her and the defendant. One incident took place outside of her place of employment, a second incident took place at a Walmart store in Stratford, and a third incident took place at a courthouse. The plaintiff stated that, during the incident at Walmart, the defendant and the defendant's daughter "followed [her] into every aisle." The plaintiff requested that the court order that the defendant (1) not assault, threaten, abuse, harass, follow, interfere with, or stalk her; (2) stay away from her home; (3) not contact her in any manner; and (4) stay 100 yards away from her. The court, *Kamp, J.*, granted the application and issued an ex parte civil protection order.

The court, *Hon. Edward F. Stodolink*, judge trial referee, held a hearing on the application on October 6, 2016. At the hearing, the court considered the application brought by the plaintiff against the defendant as well as a separate application brought by the plaintiff against the defendant's daughter.[3] The plaintiff testified with respect to three separate incidents. The first was on May 10, 2016, at the Stratford Walmart store; the second was on June 25, 2016, at a public park in Bridgeport; the third was on September 26, 2016, at a courthouse in Bridgeport. The court also heard testimony from the defendant, the defendant's daughter, and Sylveri Gonzalez, a victim's advocate. At the conclusion of the hearing, the court granted the plaintiff's application, with the conditions sought by the plaintiff to remain in effect until October 6, 2017. The court denied the defendant's oral motion, raised immediately after the court announced its ruling, to reconsider its decision. This appeal followed.

I

First, the defendant, interpreting the evidence in the

light most favorable to the nonmovant, argues that the court abused its discretion in granting the application because the plaintiff did not present sufficient evidence to warrant such relief. We disagree.

In the appendix to her brief, the defendant has included a copy of what she describes as the "Trial Court's Decision," but it is not in the proper form. The "decision" consists of three pages of the trial transcript. These pages consist of a colloquy between the court, the defendant's counsel, the defendant, and the plaintiff. The transcript is not signed by the trial court. A signed copy of a memorandum of the court's decision does not appear in the court file.

Because the court's judgment in the plaintiff's favor was a final judgment in this matter, the court was obligated under Practice Book § 64-1 (a) "[to] state its decision either orally or in writing . . . . The court's decision shall encompass its conclusion as to each claim of law raised by the parties and the factual basis therefor. If oral, the decision shall be recorded by a court reporter, and, if there is an appeal, the trial court shall create a memorandum of decision for use in the appeal by ordering a transcript of the portion of the proceedings in which it stated its oral decision. The transcript of the decision shall be signed by the trial judge and filed with the clerk of the trial court." Pursuant to § 64-1 (b), "[i]f the trial judge fails to file a memorandum of decision or sign a transcript of the oral decision in any case covered by subsection (a), the appellant may file with the appellate clerk a notice that the decision has not been filed in compliance with subsection (a). The notice shall specify the trial judge involved and the date of the ruling for which no memorandum of decision was filed. The appellate clerk shall promptly notify the trial judge of the filing of the appeal and the notice. The trial court shall thereafter comply with subsection (a)." The court file reflects that the defendant, who bears the burden of perfecting the record for presentation on appeal; Practice Book §§ 60-5, 61-10 (a); did not file a motion pursuant to § 64-1 (b) with the appellate clerk. Thus, we are unable readily to identify the decision from which the defendant now appeals.

"When the record does not contain either a memorandum of decision or a transcribed copy of an oral decision signed by the trial court stating the reasons for its decision, this court frequently has declined to review the claims on appeal because the appellant has failed to provide the court with an adequate record for review. . . . Moreover, [t]he requirements of Practice Book § 64-1 are not met by simply filing with the appellate clerk a transcript of the entire trial court proceedings. . . . Despite an appellant's failure to satisfy the requirements of . . . § 64-1, this court has, on occasion, reviewed claims of error in light of an unsigned tran-

script as long as the transcript contains a sufficiently detailed and concise statement of the trial court's findings." (Citations omitted; internal quotation marks omitted.) *Stechel* v. *Foster*, 125 Conn. App. 441, 445, 8 A.3d 545 (2010), cert. denied, 300 Conn. 904, 12 A.3d 572 (2011).

As stated previously in our discussion, the defendant has drawn our attention to the pages of the trial court transcript in which the court stated that it granted the relief sought in the plaintiff's application. The unsigned transcript, however, does not reveal a sufficiently detailed and concise statement of the court's findings. With respect to its decision to grant the relief sought in the plaintiff's application, the court merely stated: "As to [the defendant], I will grant the application."

A careful review of the defendant's arguments reflects her belief that the court committed errors of law or fact in exercising its discretion to grant the application. Because the record does not reveal the factual or legal bases for the court's decision, our careful review of the record does not afford us a basis on which to conclude that such errors were made. See *Ellen S.* v. *Katlyn F.*, 175 Conn. App. 559, 565, A.3d (2017), and cases cited therein. This court will neither speculate with regard to the rationale underlying the court's decision nor, in the absence of a record that demonstrates that error exists, presume that the court acted erroneously. See, e.g., *State* v. *Milner*, 325 Conn. 1, 13, 155 A.3d 730 (2017); *Stacy B.* v. *Robert S.*, 165 Conn. App. 374, 382, 140 A.3d 1004 (2016). Accordingly, we reject this claim.

## II

Next, the defendant claims that the court "erred in denying [her] request for a continuance and reconsideration." The defendant argues that the court's ruling was improper because "[t]he application [filed by the plaintiff] did not include dates and therefore did not provide [the defendant] with adequate notice as to the specific facts which form the basis of the application." She argues that, at the time of the hearing, she was unduly surprised by the plaintiff's version of the events. We disagree with the defendant that the court's ruling reflected an abuse of discretion.

With respect to the motion for reconsideration,[4] the defendant refers us to the trial transcript, which reflects that, immediately after the court stated that it had granted the plaintiff's application, the defendant's counsel stated: "In regard to [the defendant], you know, what sometimes is complicated about these is that sometimes the applications are not entirely complete and don't have all the dates. Now that we are on notice of the dates, would the court . . . consider a motion to reconsider so [that] we can have the opportunity to supply for lack of a better word an alibi regarding the dates

that were alleged?" The court replied: "No, because the hearing was set by Judge Kamp some time ago and it was going to go forward today." The defendant's counsel replied: "The only problem is we don't know based on the complaint what the dates were in regards to the complaints." The court stated: "I'll deny your request."

As the defendant correctly observes, the court's denial of the oral motion for reconsideration is entitled to deference by this court. "The granting of a motion for reconsideration . . . is within the sound discretion of the court. The standard of review regarding challenges to a court's ruling on a motion for reconsideration is abuse of discretion. As with any discretionary action of the trial court . . . the ultimate [question for appellate review] is whether the trial court could have reasonably concluded as it did." (Internal quotation marks omitted.) *Shore* v. *Haverson Architecture & Design, P.C.*, 92 Conn. App. 469, 479, 886 A.2d 837 (2005), cert. denied, 277 Conn. 907, 894 A.2d 988 (2006).

From the court's response to the defendant's motion, it appears that the court viewed the defendant's expressed concern to be untimely. The court observed that the matter was scheduled for a hearing by Judge Kamp when he granted the plaintiff's ex parte application for an order of civil protection. Judge Kamp's ruling occurred on September 27, 2016, nine days before the full hearing, which took place on October 6, 2016. The defendant did not raise any issue with respect to a lack of specificity in the plaintiff's application prior to the date of the full hearing, during the presentation of evidence at the hearing, or after the court heard the evidence but prior to the time that it rendered its decision in this matter. Instead, only after the court announced its ruling, which was adverse to the defendant, did the defendant's counsel for the first time assert that the defendant was prejudiced by a lack of specificity in the plaintiffs application. In these circumstances, we are not persuaded that the court's decision reflects an abuse of discretion.

The judgment is affirmed.

In this opinion the other judges concurred.

* In accordance with our policy of protecting the privacy interest of the applicant for a protective order, we decline to identify the applicant or others through whom the applicant's identity may be ascertained.

[1] The plaintiff did not file a brief in connection with this appeal. We consider the appeal on the basis of the defendant's brief and the record.

[2] We observe that the defendant sets forth three claims in her brief. We deem the first two of those claims to be materially indistinguishable and, therefore, consider them together.

[3] The court denied the application brought against the defendant's daughter. The court's resolution of that matter is not a subject of the present appeal.

[4] Although the defendant claims that the court denied a request for a continuance and reconsideration, neither the court file nor the transcript of the proceedings filed by the defendant reflect that the defendant explicitly requested a continuance. The defendant is not entitled to relief in connection with a request for a continuance that was neither raised before nor ruled on by the court.